GULOTTA, Judge
(concurring).
I concur with the decision reached by the majority. However, my initial reaction to the puncture of the bladder under the circumstances of this case is that such an occurrence constitutes negligence. It appears inconsistent to say, on the one hand, that this can happen with the exercise of reasonable diligence and with the degree of care customarily required of surgeons in this community, but on the other hand to say that when it does infrequently occur (as in Groome’s case, 2 out of 75 or 100 cases, and in Thain’s case, 2 out of 500 operations), the surgeon is not negligent. I find it difficult to find logic in the explanation of Dr. Groome that it is difficult to distinguish between the bladder and the hydrocele and yet state that the puncture of the bladder occurred in only 2 out of 100 operations.
It seems more reasonable that the infrequency of the occurrence suggests a conclusion of negligence when the puncture does occur. However, we cannot substitute our untrained medical evaluation (although it seems reasonable) for the cumulated corroborative opinions of the members of the medical profession.
Accordingly, I am compelled to concur.